IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYUBOV RUSU-CARP,

        Plaintiff,                         No. 2:11-cv-01135 MCE KJN PS

        v.

INTERNAL REVENUE SERVICE,

        Defendant.               <u>ORDER</u>

/

On August 16, 2011, defendant[1] filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] (Dkt. No. 5.) Defendant noticed its motion to dismiss for a hearing to take place before the undersigned on September 29, 2011. Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen days prior to the hearing

---

[1] Defendant contends that although plaintiff named the Internal Revenue Service as the defendant in this action, the proper defendant is the United States of America. (See Memo. In Supp. of Mot. to Dismiss at 1-2 n.1, Dkt. No. 5, Doc. No. 5-1.)

[2] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

date, or September 15, 2011. <u>See</u> E. Dist. Local Rule 230(c).[3] The court's docket reveals that plaintiff, who is proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to the motion to dismiss.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing <u>in propria persona</u>. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

<u>See also</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[4] <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

---

[3] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

[4] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. <u>See, e.g.</u>, <u>Trice v. Clark County Sch. Dist.</u>, 376 Fed. Appx. 789, 790 (9th Cir. 2010), <u>cert. denied</u>, 131 S. Ct. 422 (2010).

*sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

        In light of the foregoing, IT IS HEREBY ORDERED that:

        1.    The hearing on defendant's motion to dismiss plaintiff's complaint (Dkt. No. 5), which is presently set for September 29, 2011, is continued until October 27, 2011.

        2.    Plaintiff shall file a written opposition to the motion to dismiss, or a statement of non-opposition thereto, on or before September 29, 2011. *Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and plaintiff's consent to the granting of the motion to dismiss, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

        3.    Defendant may file a written reply to plaintiff's opposition, if any, on or before October 20, 2011.

////

////

////

////

4.	The Status (Pretrial Scheduling) Conference presently set for September 29, 2011, is continued to December 1, 2011.  Defendant has already filed a status report (Dkt. No. 6) and need not submit an additional status report in advance of the continued scheduling conference.

IT IS SO ORDERED.

DATED:  September 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE