1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LYUBOV RUSU-CARP,

11              Plaintiff,                         No. 2:11-cv-01135 MCE KJN PS

12         v.

13   INTERNAL REVENUE SERVICE,

14              Defendant.                         ORDER
                                              /
15

16              Presently before the court is defendant's motion to dismiss plaintiff's action for

17   lack of subject matter jurisdiction, filed pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

18   The court heard this matter on its law and motion calendar on October 27, 2011.  (Minutes, Oct.

19   27, 2011, Dkt. No. 11.)  Attorney William C. Hankla appeared on behalf of defendant.  Plaintiff,

20   who is proceeding without counsel, appeared on her own behalf.

21              The undersigned has considered the briefs, oral arguments, and appropriate

22   portions of the record in this case and, for the reasons stated below, grants defendant's motion to

23   dismiss without prejudice and, out of an abundance of caution, grants plaintiff leave to file a first

24   amended complaint.  Although plaintiff failed to plead facts sufficient to defeat certain

25   ─────────────────────
            [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local
26   Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                    1

1  jurisdictional bars to her tax-related lawsuit, plaintiff is granted leave to amend so that she may

2  attempt to allege facts sufficient to overcome the jurisdictional defects.

3  I.    BACKGROUND

4        Plaintiff filed her complaint on April 28, 2011, and her complaint appears to seek

5  injunctive relief and declaratory relief relative to a tax assessment imposed on her by the Internal

6  Revenue Service ("IRS").  Plaintiff alleges that defendant has wrongfully assessed a $14,000 tax

7  liability against her individually for tax year 1994, "regardless of Statue [*sic*] of limitation."  (See

8  Compl. at 1, Dkt. No. 1.)  Plaintiff asks the court to: (1) "dismiss alleged tax liability for the

9  periods of 12/1994 against [her]"; (2) "bring [her] account to $00.00 balance as it is on her

10 husband's account" with whom she filed a joint tax return for the 1994 tax year; and (3) "refund

11 any payments made or withheld tax refunds."  (See id. at 2.)

12       Plaintiff alleges that since 2008,[2] the IRS has improperly alleged that plaintiff

13 owes $14,000 in back taxes.  (Compl. at 1.)  Plaintiff further alleges that the IRS issued a

14 "liability letter" to her in her maiden name—Lyubon Litvinyuk—but that since 1991 she has

15 always filed taxes jointly with her husband, Lazar Rusu-Carp.  (Id.)  Plaintiff contends that

16 during 1994, she had no income other than that which her husband provided for the 1994 tax

17 year.  (Id.)  Plaintiff alleges that she obtained an IRS transcript detailing tax amounts owed,

18 which reflects no tax liability whatsoever for her husband but does not indicate how plaintiff's

19 own liability of $14,000 was determined.[3]  (Id.)

20       Plaintiff avers that she has visited her local IRS field office, made "several

21 attempts to reason with the representatives of the North Highlands office," and met with an "IRS

22

23    [2]  In her complaint, plaintiff alleges: "Since the year of 2008 . . . [defendant] alleges that I owe up to $14,000 in back taxes for 1994 regardless of Statue [*sic*] of limitation."  (Compl. at 1.)
24 At the October 27, 2011 hearing, plaintiff represented that the IRS's liability letter may have been sent as early as 2006 but that she no longer possesses a copy of the letter.

25    [3]  Plaintiff alleges that she and her husband attempted to obtain their tax return for the tax year 1994 from the IRS, but that the IRS informed them that it retained nothing more than a
26 "transcript."  (Compl. at 1.)

2

1    representative from the department of Assessment/Bankruptcy." (Compl. at 1.)  Plaintiff alleges

2    that at the suggestion of an IRS branch representative, she filed for "Innocent Spouse Relief."

3    (Id.)  She alleges that when she threatened to file a federal lawsuit, the IRS representative

4    "assured" plaintiff that she would obtain faster resolution of the disputed tax issue by seeking

5    "Innocent Spouse Relief" because "there is no liability on [her] husband and [she] did not have

6    any income in 1994."  (Id.)  The IRS subsequently denied plaintiff's request for innocent spouse

7    relief.[4]  (Id. at 2.)  Meanwhile, in August 2009, plaintiff's bank account was levied by the IRS.

8    (Compl. at 1.)  Plaintiff alleges that although the IRS offered to permit her to make $80 per

9    month installment payments, plaintiff cannot afford those payments.  (Id. at 2.)  She alleges that

10   the IRS's actions "have inflicted . . . tremendous trauma and pressure on [her] physical and

11   mental health, [her] family and marriage.  (Id.)

12   II.    LEGAL STANDARDS

13           A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or

14   12(h)(3) challenges the court's subject matter jurisdiction.  Federal district courts are courts of

15   limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of

16   jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the

17   contrary affirmatively appears."  A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003)

18   (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court

19   determines at any time that it lacks subject matter jurisdiction, the court must dismiss the

20   action.").  When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court

21   takes the allegations in the complaint as true.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.

22   2004).  However, the court is not restricted to the face of the pleadings and "may review any

23   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

24   _____

25         [4]  Although not entirely clear, plaintiff alleges that the IRS denied her request for innocent
     spouse relief on the grounds that California is a community property state. (Compl. at 2.)  Plaintiff
     counters that if California is a community property state, she should have had the same zero balance
26   as her husband.  (See id.)

1    jurisdiction." <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988), <u>cert. denied</u>, 489

2    U.S. 1052 (1989); <u>see also</u> <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir.

3    2003) ("A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the

4    pleadings or by presenting extrinsic evidence.").  "When subject matter jurisdiction is challenged

5    under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in

6    order to survive the motion." <u>Tosco Corp. v. Communities for a Better Env't.</u>, 236 F.3d 495, 499

7    (9th Cir. 2001) (per curiam), <u>abrogated on other grounds by</u> <u>Hertz Corp v. Friend</u>, 130 S. Ct.

8    1181 (2010); <u>see also</u> <u>Colwell v. Dep't of Health & Human Servs.</u>, 558 F.3d 1112, 1121 (9th Cir.

9    2009) ("In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit

10   'affidavits or any other evidence properly before the court . . . .  It then becomes necessary for the

11   party opposing the motion to present affidavits or any other evidence necessary to satisfy its

12   burden of establishing that the court, in fact, possesses subject matter jurisdiction." (citation

13   omitted, modification in original)).

14          To confer subject matter jurisdiction in an action against a sovereign, there must

15   exist (1) "statutory authority vesting a district court with subject matter jurisdiction," and (2) "a

16   waiver of sovereign immunity." <u>Alvarado v. Table Mountain Rancheria</u>, 509 F.3d 1008, 1016

17   (9th Cir. 2007).  Because the United States is a sovereign, it is immune from suit unless it has

18   expressly waived its immunity and consented to be sued. <u>See</u> <u>Dunn & Black, P.S. v. United</u>

19   <u>States</u>, 492 F.3d 1084, 1087-88 (9th Cir. 2007).  The United States Supreme Court has

20   "frequently held . . . that a waiver of sovereign immunity is to be strictly construed, in terms of

21   scope, in favor of the sovereign." <u>Dep't of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 261

22   (1999).  Moreover, the waiver cannot be implied, but must be "unequivocally expressed" in the

23   statutory text. <u>Id.</u>; <u>accord</u> <u>Harger v. Dep't of Labor</u>, 569 F.3d 898, 903 (9th Cir. 2009).  The

24   party asserting a waiver of sovereign immunity bears "the burden of establishing that its action

25   falls within an unequivocally expressed waiver of sovereign immunity by Congress. . . ." <u>Dunn</u>

26   <u>& Black, P.S.</u>, 492 F.3d at 1088.

4

III.     DISCUSSION

     A.     Plaintiff's Claim for Declaratory Relief

Defendant moves to dismiss plaintiff's apparent claim for declaratory relief on the ground that the federal tax exception to the Declaratory Judgment Act bars this court from granting declaratory relief.  (Def.'s Memo of P. & A. In Supp. of Mot. to Dismiss ("Def.'s Memo.") at 2-3, Dkt. No. 5, Doc. No. 5-1.)  Defendant's correctly argues that the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically excepts federal tax controversies from federal district courts' jurisdiction.

In relevant part, the Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under Section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added); see also Bob Jones Univ. v. Simon, 416 U.S. 725, 742 n.15 (1974) ("In addition to repeatedly re-enacting the Anti-Injunction Act, Congress reaffirmed the Act's purpose by adding the federal tax exception to the Declaratory Judgment Act.").  With the exception of specific circumstances not implicated by this case, a district court does not have jurisdiction to grant declaratory relief pertaining to federal tax disputes.  See Hutchinson v. United States, 677 F.2d 1322, 1327-28 (9th Cir. 1982).

Here, plaintiff appears to seek declaratory relief in regards to her assessed and outstanding tax liability.  However, plaintiff's claim does not fit within any statutory exception to the jurisdictional bar provided in 28 U.S.C. § 2201(a).  Accordingly, this court lacks jurisdiction to grant declaratory relief to plaintiff.

     B.     Plaintiff's Request for Injunctive Relief

In regards to plaintiff's request that the court enjoin further collection of the alleged tax liability and "dismiss" the assessed liability, defendant argues that plaintiff has failed

1    to meet any of the statutory or judicial exceptions to the statutory bar to injunctive relief in tax-

2    related actions.  (See Def.'s Memo. at 2-3.)  This jurisdictional bar is commonly referred to as the

3    "Anti-Injunction Act," and is contained in 26 U.S.C. § 7421(a).[5]  Although defendant's argument

4    is persuasive and plaintiff's request for injunctive relief is subject to dismissal, plaintiff is

5    granted leave to amend so that she may attempt to allege facts sufficient to meet one of the

6    exceptions to the Anti-Injunction Act.

7            The Anti-Injunction Act provides, in pertinent part, that subject to certain

8    exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be

9    maintained in any court by any person, whether or not such person is the person against whom

10   such tax was assessed."  26 U.S.C. § 7421(a); see also United States v. Clintwood Elkhorn

11   Mining Co., 553 U.S. 1, 9-10 (2008).  "The primary purpose of the Act is to protect 'the

12   Government's need to assess and collect taxes as expeditiously as possible with a minimum of

13   pre-enforcement judicial interference, and to require that the legal right to the disputed sums be

14   determined in a suit for refund.'"  Hansen v. Dept. of Treasury, 528 F.3d 597, 600 (9th Cir. 2007)

15   (quoting Bob Jones Univ., 416 U.S. at 736).  The Anti-Injunction Act is "strictly enforced."

16   Maxfield v. U.S. Postal Serv., 752 F.2d 433, 434 (9th Cir. 1984).  The district court must dismiss

17   for lack of subject matter jurisdiction any suit seeking injunctive relief to restrain the assessment

18   or collection of taxes that does not fall within an exception to the Anti-Injunction Act.  See

19   Alexander v. 'Americans United' Inc., 416 U.S. 752, 757-58 & n.9 (1974); Jensen v. IRS, 835

20   F.2d 196, 198 (9th Cir. 1987).  The Ninth Circuit Court of Appeals has stated that its "general

21   rule [is] that the Anti-Injunction Act 'precludes federal jurisdiction' over actions seeking to

22   enjoin the IRS's tax collection efforts."  J.J. Re-Bar Corp. v. United States (In re J.J. Re-Bar

23

24         [5]  The court's reference herein to the "Anti-Injunction Act" that pertains to tax-related matters
     should not be confused with the Anti-Injunction Act found in 28 U.S.C. § 2283, which governs the
25   issuance of injunctive relief in relation to proceedings in state court and provides: "A court of the
     United States may not grant an injunction to stay proceedings in a State court except as expressly
26   authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate
     its judgments."

1    <u>Corp.</u>), 644 F.3d 952, 955 (9th Cir. 2011) (citing <u>Hansen</u>, 528 F.3d at 601).

2            There are several statutory exceptions to the Anti-Injunction Act that do not apply

3    here, at least based on the factual allegations in plaintiff's complaint.[6]   A judicially created

4    exception to the Anti-Injunction Act—which was announced in <u>Enochs v. Williams Packing &</u>

5    <u>Navigation Co.</u>, 370 U.S. 1 (1962), and is governed by a test commonly referred to as the

6    "<u>Williams Packing</u> test"—provides that a district court may grant an injunction if the taxpayer

7    demonstrates that: "(1) under no circumstances can the government ultimately prevail on the

8    merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief."[7]  <u>Elias v.</u>

9    <u>Connett</u>, 908 F.2d 521, 525 (9th Cir. 1990) (citing <u>Maxfield</u>, 752 F.2d at 434); <u>see also</u>

10   <u>Alexander</u>, 416 U.S. at 758; <u>Hansen</u>, 528 F.3d at 601.  "Unless both conditions are met, a suit for

11   preventive injunctive relief must be dismissed," <u>Alexander</u>, 416 U.S. at 758, and the "burden is

12   on the taxpayer to establish both prongs of the test," <u>Sokolow</u>, 169 F.3d at 665.  The first prong

13   of the <u>Williams Packing</u> test presents a high barrier to federal subject matter jurisdiction, and the

14   taxpayer "bears the burden of pleading and proving facts to show that the government cannot

15   ultimately prevail."  <u>Elias</u>, 908 F.2d at 525.  In announcing this judicially created exception, the

16   United States Supreme Court cautioned that "the question of whether the Government has a

17   chance of ultimately prevailing is to be determined on the basis of the information available to it

18   at the time of suit," and that "[o]nly if it is then apparent that, under the most liberal view of the

19   law and the facts, the United States cannot establish its claim, may the suit for an injunction be

20   maintained."  <u>Enochs</u>, 370 U.S. at 7.  "The government need only have a good faith basis for its

21

22          [6] The statutory exceptions to the Anti-Injunction Act can be found in 26 U.S.C. §§ 6015(e),
     6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and
23   (b)(1), 7429(b), and 7436.  <u>See</u> 26 U.S.C. § 7421(a).  Plaintiff has not argued that any statutory
     exception applies in this case.
24
            [7] The Ninth Circuit Court of Appeals has stated that in regards to the second prong of the
25   test, the "'taxpayer must show that he has no adequate remedy at law and that denial of injunctive
     relief would cause him immediate, irreparable injury.'" <u>Sokolow v. United States</u>, 169 F.3d 663, 665
26   (9th Cir. 1999) (quoting <u>Jensen</u>, 835 F.2d at 198).

7

1    claim in order to obtain a dismissal." Elias, 908 F.2d at 525 (citing Enochs, 370 U.S. at 7-8).

2            Defendant argues that plaintiff has not alleged facts that satisfy either prong of the

3    judicial exception to the Anti-Injunction Act. (Def.'s Memo. at 3 n.2.)  Defendant is correct.

4    Plaintiff has not alleged that she satisfied either aspect of the Williams Packing test and, as a

5    result, plaintiff's request for injunctive relief is subject to dismissal.  However, in light of the

6    liberal standards that apply to pro se pleadings, the undersigned grants plaintiff leave to amend.

7            In regards to the first aspect of the Williams Packing test, plaintiff has not alleged

8    facts demonstrating that the government cannot ultimately prevail on the merits under any

9    circumstances.  However, plaintiff's complaint suggests that the IRS has assessed, and has

10   attempted to collect, the outstanding tax liability outside of the time provided in the applicable

11   statute of limitations.[8]  (See Compl. at 1 ("Since the year of 2008, [the IRS] alleges that I owe up

12   to $14,000 in back taxes for 1994 regardless of Statue [sic] of limitation."); see also Pl.'s Am.

13   Opp'n at 1 (arguing that the IRS is attempting "to collect the taxes for the year that the taxes

14   were dutifully paid . . . , overstepping the statute of limitation"), Dkt. No. 9.)  Generally, a

15   three-year period of limitation applies to the assessment of a tax deficiency by the IRS, which

16   runs from the date of the filing of a tax return for the given year.  See 26 U.S.C. § 6501(a); see

17   also Laurins v. Comm'r of Internal Revenue, 889 F.2d 910, 912 (9th Cir. 1989).  However, there

18   are exceptions to the general rule that permit the IRS to assess tax liability at any time in the case

19   of a false or fraudulent return, a willful attempt to evade taxes, or a failure to file a return.  See

20   id. § 6501(c); see also, e.g., Rapp v. Comm'r of Internal Revenue, 774 F.2d 932, 935 (9th Cir.

21   1985); Stang v. IRS, 788 F.2d 564, 565-66 (9th Cir. 1986) (per curiam); Edwards v. Comm'r of

22   Internal Revenue, 680 F.2d 1268, 1269 & n.1 (9th Cir. 1982) (per curiam).  Plaintiff alleges that

23   the tax year at issue is 1994, that she filed a timely return, and suggests that the IRS assessed

24   back taxes in or around 2008.  It is unclear from plaintiff's complaint whether an exception to the

25

26           [8]  Additionally, plaintiff essentially alleges that she was under no obligation to file an
     individual return for the 1994 tax year because she had filed jointly with her husband since 1991.

1  applicable limitation period applies.[9]  However, if plaintiff can adequately plead and prove a

2  complete statute of limitations defense, she might satisfy the first prong of the judicial exception

3  to the Anti-Injunction Act.

4          As to the second prong of the Williams Packing test, plaintiff has not pled or

5  argued that she would suffer irreparable harm if her case were not heard, or that she lacks an

6  adequate remedy at law.  Plaintiff has alleged that she could not pay the $80-per-month

7  installment payments and that this matter has caused trauma and pressure on her health and

8  marriage.  However, these allegations are insufficient to overcome the burden of showing

9  irreparable harm.  Plaintiff has not, for example, shown that the effect of the levy presently in

10  place constitutes a hardship of the magnitude that would deprive her of the necessities of life.

11  See, e.g., Jensen, 835 F.2d at 198 (suggesting that injunctive relief might be appropriate where

12  the IRS failed to send a notice of deficiency such that the taxpayer lost the opportunity to

13  challenge the deficiency in tax court, and where evidence in the record indicated that the

14  delinquency presented a hardship that would deprive the taxpayer of the ability to provide his

15  family the necessities of life).  Despite the fact that plaintiff's complaint does not substantiate

16  irreparable harm and lack of an adequate remedy at law, the court grants her leave to attempt to

17  plead facts that satisfy the second prong of the Williams Packing test.

18          C.    Plaintiff's Potential Claim for a Tax Refund

19          Finally, defendant argues that this matter is not framed as a tax refund suit, but

20  that even if it were, plaintiff would not be entitled to bring this matter as a "refund suit" in

21  federal court because she has not satisfied a prerequisite to filing such a suit.  (Def.'s Memo.

22  at 3.)  Specifically, defendant argues that plaintiff cannot pursue a refund claim in federal court

23  until she has fully paid the $14,000 deficiency in dispute for 1994 tax year.  Defendant's

24  _____

25      [9]   At the hearing, the undersigned attempted to discuss with defendant's counsel the
circumstances of the IRS's tax assessment and collection efforts in this case.  Defendant's counsel
represented that he knew nothing about this case other than what was stated in defendant's
26  seemingly boilerplate memorandum of points and authorities.

1   argument is well-taken because plaintiff has not alleged that she has met at least two

2   prerequisites for a tax refund suit.

3            A taxpayer may file a refund suit in federal court pursuant to 28 U.S.C.

4   § 1346(a)(1), which provides:

5            (a) The district courts shall have original jurisdiction, concurrent with the
             United States Court of Federal Claims, of:

6

7            (1) Any civil action against the United States for the recovery of any
             internal-revenue tax alleged to have been erroneously or illegally
             assessed or collected, or any penalty claimed to have been collected

8            without authority or any sum alleged to have been excessive or in any
             manner wrongfully collected under the internal-revenue laws

9

10  Accord Clintwood Elkhorn Mining Co., 553 U.S. at 4 ("A taxpayer seeking a refund of taxes

11  erroneously or unlawfully assessed or collected may bring an action against the Government

12  either in United States district court or in the United States Court of Federal Claims.").  Although

13  28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States with respect to suits

14  seeking recovery of a tax refund, Imperial Plan, Inc. v. United States, 95 F.3d 25, 26 (9th Cir.

15  1996), that waiver is subject to conditions, see Dunn & Black, P.S., 492 F.3d at 1089.  First, in

16  order to invoke the jurisdiction of the district court in a tax refund suit, a plaintiff must fully pay

17  the outstanding tax liability in accordance with the tax code.  See Flora v. United States, 362 U.S.

18  145, 150-51 (1960); accord Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985);

19  Hutchinson, 677 F.2d at 1325-26.  Second, a taxpayer must duly file a claim for refund prior to

20  the institution of any suit therefor.  See 26 U.S.C. § 7422(a) ("No suit or proceeding shall be

21  maintained in any court for the recovery of any internal revenue tax alleged to have been

22  erroneously or illegally assessed or collected, or of any penalty claimed to have been collected

23  without authority, or of any sum alleged to have been excessive or in any manner wrongfully

24  collected, until a claim for refund or credit has been duly filed with the Secretary, according to

25  the provisions of law in that regard, and the regulations of the Secretary established in pursuance

26  thereof."); see also Dunn & Black, P.S., 492 F.3d at 1089 ("If a person neglects to file an

                                                    10

1   administrative claim as required by § 7422(a), that person has failed to satisfy a necessary

2   condition of the waiver of sovereign immunity under § 1346(a)(1), and, as we have repeatedly

3   held, the district court is necessarily divested of jurisdiction over the action."); accord Clintwood

4   Elkhorn Mining Co., 553 U.S. at 4; Imperial Plan, Inc., 95 F.3d at 26; Thomas, 755 F.2d at 729.

5              Here, plaintiff has not alleged that she has satisfied either of the above-referenced

6   jurisdictional prerequisites to the filing of a tax refund lawsuit.  Plaintiff has not alleged that she

7   fully paid the $14,000 tax liability assessed by the IRS.  Her written opposition to defendant's

8   motion suggests that she has paid "$240 out of pocket," and that the IRS has withheld over

9   $6,000 in tax refunds.  (Pl.'s Am. Opp'n. at 2.)  Even if plaintiff has paid or been credited $6,240

10  toward the assessed tax liability, that amount falls far short of the alleged $14,000 tax deficiency

11  in dispute.  Additionally, plaintiff has not alleged that she duly filed a claim for a refund.

12  Although plaintiff alleges that she sought innocent spouse relief and an audit for the 1994 tax

13  year, she has not substantiated that these efforts satisfy the jurisdictional prerequisites of 26

14  U.S.C. § 7422(a).  Accordingly, to the extent plaintiff has alleged a claim for a tax refund,

15  plaintiff has not demonstrated satisfaction of two preconditions for a waiver of the government's

16  sovereign immunity for such a claim.

17  IV.   CONCLUSION

18              For the foregoing reasons, IT IS HEREBY ORDERED that:

19         1.     Defendant's motion to dismiss (Dkt. No. 5) is granted.

20         2.     Plaintiff's complaint is dismissed without prejudice, and plaintiff is

21  granted leave to file an amend complaint.

22         3.     Plaintiff shall have thirty (30) days from the date of entry of this order

23  within which to file and serve an amended complaint entitled "First Amended Complaint."

24  Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended

25  complaint complete.  An amended complaint must be complete in itself.  See E. Dist. Local

26  Rule 220.  This requirement is because, as a general rule, an amended complaint supersedes the

1   original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

2   plaintiff files an amended complaint, the prior complaints no longer serve any function in the

3   case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which

4   are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814

5   (9th Cir. 1981).

6           4.      The Status (Pretrial Scheduling) Conference presently set to take place on

7   December 1, 2011, is continued to March 1, 2012, at 10:00 a.m., in Courtroom 25.

8                   IT IS SO ORDERED.

9   DATED:  November 14, 2011

10

11

12                                  KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26